**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-50018
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO MEJIA-RIOS, also known as Alejandro Mejio-Rios,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2209-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alejandro Mejia-Rios (Mejia) appeals the 57-month sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that his within-guidelines sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and specifically asserts that the presumption of reasonableness does not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2, the guideline provision applicable to violations of § 1326, is flawed in that it is not supported by "empirical data

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and national experience." Mejia additionally contends that the Sentencing Guidelines produce unwarranted sentencing disparities because of the random availability of "fast track" programs.

As Mejia concedes, we have rejected his "empirical data" argument, concluding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Further, Mejia has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

As Mejia also concedes, the argument that his sentence was unreasonable because it resulted in an unwarranted disparity between defendants to whom the "fast track" program is available and those to whom it is not available is foreclosed by current circuit precedent. *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, this court need not consider it further.

The judgment of the district court is AFFIRMED.